LILES, Judge.
Appellee was charged by information filed in the Circuit Court in and for Pinellas County with the crime of carrying a concealed firearm in violation of Fla. Laws 1969, Ch. 69-306, § 2, § 790.01(2). Appellee filed a motion to dismiss the information on the ground that the circuit court did not have jurisdiction to try the offense charged. The circuit court granted the motion and this appeal followed.
Appellant urges that we reverse the order of the circuit court for the reason that Section 790.01(2), cited above, constitutes a felony, which is triable only in the circuit court of Pinellas County. See State v. Morgan, Fla.App.1970, 237 So.2d 301, opinion filed June 17, 1970. Appellee, however, asserts that §§ 790.03 and 790.04, Fla.Stat.1967, F.S.A., permit the Civil and Criminal Court of Record in Pinellas County to have jurisdiction over this cause. While we acknowledge that these sections are not entirely in harmony with the revisions of Ch. 790 made in the 1969 Legislature, we are of the opinion that the clear intention of the legislative amendments to Ch. 790 compels us to hold that §§ 790.03 and 790.04 relate only to the crime of carrying a concealed weapon under Fla.Laws 1969, Ch. 69-306, § 2, § 790.01(1), F.S.A., and do not have any bearing on the crime of carrying a concealed firearm under Fla.Laws 1969, Ch. 69-306, § 2, § 790.01(2), F.S.A.
Appellee also asserts that under Art. V., § 9(2), Fla.Const.1968, F.S.A., considered in light of Art. V., § 6(3), Fla.Const. 1968, vests jurisdiction for non-capital felonies solely in the civil and criminal court of record. The fallacy of this argument is that the Civil and Criminal Court of Record of Pinellas County was created under the authority of Art. V., § 1, Fla. Const.1968. Thus the statutory limitation[1] of that court’s jurisdiction in criminal cases to misdemeanors is clearly permissible.
For the foregoing reasons we reverse the order of the circuit court granting appel-lee’s motion to dismiss and remand for action consistent with this opinion.
HOBSON, C. J., and McNULTY, J., concur.

. Ch. 27258, Fla.Gen.Laws 1951.